# IN THE COURT OF APPEALS OF IOWA

No. 19-0483
Filed June 19, 2019

IN THE INTEREST OF A.Y., A.Y., K.Y., and O.Y.,
Minor Children,

J.K.Y., Father,
        Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor,
District Associate Judge.

A father appeals the termination of his parental rights to his children.
**AFFIRMED.**

J. David Zimmerman, Clinton, for appellant father.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant
Attorney General, for appellee State.

Barbara E. Maness, Davenport, guardian ad litem for minor children.

Considered by Potterfield, P.J., Doyle, J., and Mahan, S.J.* Tabor, J., takes
no part.

Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DOYLE, Judge.**

J.K.Y. is the father of four children, the oldest born in 2004 and the youngest 2017. He has an extensive history of criminal activity as well as substance-abuse and mental-health concerns, and the Iowa Department of Human Services (IDHS) has been involved with the family on several occasions. In July 2018, the children again came to the attention of the IDHS after it was reported there were concerns regarding the children's safety while in their mother's care. Placement with the father was not an option because he was in treatment at a residential care facility as a result of violating the terms of probation he received following a felony conviction.

Just prior to the removal hearing, the father left the care facility without permission, and a warrant was issued for his arrest. He was on the run for a short time before he was arrested and placed in jail. His probation was subsequently revoked and, in September 2018, his sentence to five years of incarceration was imposed.

Because of his incarceration, the father's involvement in the case thereafter was minimal. The father did not participate in any classes or programs because the minimum security prison did not offer them. The father did send some letters and speak with the older children on the phone, though the record suggests the father had to be encouraged at times to do so. Two certified letters were mailed to him before he responded to the IDHS worker's request for information.

Since the beginning of the case, the mother made no effort to engage in offered services. She only made a limited effort to engage in interactions with her children, and she eventually made no effort to interact with the children. In

December 2018, the State filed petitions seeking termination of the parents' parental rights. At the termination-of-parental-rights hearing, the father's attorney advised the court:

> I have sent a number of letters to my client, most recently regarding the termination. I asked that he provide me with any classes, certificates, programs, information that would be relevant to the court regarding the termination issue. I've had no response to any of those correspondence, and they have not been returned from the correctional facility. It's my understanding that [the father] continues to be incarcerated.

Following the hearing, the juvenile court entered its order terminating the parents' parental rights. The court found the State proved the grounds for the father's parental-right termination set forth in paragraphs (d) and (i) of Iowa Code section 232.116(1) (2018). The court also found the State proved the ground in paragraph (h) as to the two youngest children. The father now appeals.[1]

Under Iowa Code chapter 232, once the State establishes a ground for termination, parental rights may be terminated if "the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights" and if none of the section 232.116(3) permissive factors weigh against termination of parental rights.[2] *In re A.S.*, 906 N.W.2d 467, 472-73 (Iowa 2018). In determining whether termination of parental rights is in a child's best interests, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional

---

[1] The mother's parental rights were also terminated and are not at issue in this appeal.
[2] Because the father does not dispute the existence of the grounds for termination found by the juvenile court, we do not have to discuss this step. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010); *see also* Iowa Code § 232.116(1)-(3).

condition and needs of the child." Iowa Code § 232.116(2). Our review is de novo. *See In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018).

On appeal, the father combines the last two steps of the analysis into one argument. He asserts termination of his parental rights is not in the children's best interests because he and the children share a strong bond and because the children are in the care of relatives. *See* Iowa Code § 232.116(2), (3)(a), (3)(c). The application of any section 232.116(3) factor is "permissive," not mandatory, and "it is within the sound discretion of the court, based upon the unique circumstances before it and the best interests of the child, whether to apply" it. *A.S.*, 906 N.W.2d at 476. Additionally, the father, as the parent resisting termination, bears the burden to establish that the statutory factor should be applied here. *See id.* Our fundamental concern is the best interests of the child. *See M.D.*, 921 N.W.2d at 232. Taking into account the relevant factors, we agree with the juvenile court that termination of parental rights is in the children's best interests and no section 232.116(3) subsection applies to preclude termination of the father's parental rights.

It is true that the children were placed in the care of relatives, however, their legal custody was placed with the IDHS. This distinction is important, because section 232.116(3)(a) is not applicable if the children's legal custody is placed with the IDHS. *See also In re A.M.*, 843 N.W.2d 100, 112-13 (Iowa 2014) (noting that although A.M. was in the care of her grandparents, she was not in their legal custody making section 232.116(3)(a) inapplicable). In any event, "[a]n appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child.

The child's best interests always remain the first consideration." *A.S.*, 906 N.W.2d at 475. Moreover, there is no evidence the father and the children share a strong bond, and the "general rule is that unavailability of a parent due to incarceration is no excuse for the lack of a meaningful bond." *In re Q.G.*, 911 N.W.2d 761, 772 (Iowa 2018). The two younger children have not had much contact with the father. The older children no doubt love their father, but they do not want to wait for their parents any longer and wish to be adopted.

"Our caselaw has recognized that the interests of the child take precedence over family reunification." *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019). "Insight for the determination of the child's long-range best interests can be gleaned from 'evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing.'" *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) (citation omitted). Though the father clearly loves his children, "our consideration must center on whether the child[ren] will be disadvantaged by termination, and whether the disadvantage overcomes [the father's] inability to provide for [the children's] needs." *In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010). In this case, the father's overall track record is not a good one. The past is prologue to the future. Notably, when the father found out the case had been opened, his concern was for the children's mother—not the children. He left his treatment facility and violated his probation; as a result his probation was revoked and he was incarcerated. The father's past behavior simply does not indicate the father can or is willing to meet the children's physical, mental, and emotional needs, even after his release from incarceration. The record shows the children are in need of permanency, and all of the children are doing well in their

placement with relatives. Ultimately, the children's best interests are served by termination of the father's parental rights, and the countervailing considerations listed in section 232.116(3) do not preclude that. Consequently, we affirm the juvenile court's order terminating the father's parental rights.

**AFFIRMED.**